**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re** | : | **CHAPTER 13** |
| | : | |
| **HENRY W. KAUFMANN, Jr. and** | : | **Bankruptcy No. 15-18013-JKF** |
| **ROXANNE KAUFMANN,** | : | |
| Debtors | : | |
| | : | **FIRST AMENDED PLAN** |

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan. This form of plan has been published, as of the date set forth above, by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. By filing this plan, Debtor and her counsel are representing that there are no changes to the standard, published plan form, except as noted below in the Notice of Special Provisions section.

**PLAN PROVISIONS DISCHARGE:**

The debtor will seek a discharge of debts pursuant to Section 1328(a).

1. **PLAN FUNDING AND LENGTH OF PLAN**

(1) The plan payments by the debtor shall consist of the $6,636.00 already paid, plus a delinquent amount of $825.90, plus **$1,186.82** per month, for the remaining 51 months of the Plan, for a total of **$66,338.15.**

   (2) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

   (3) The Debtor is responsible for funding the Plan.

   (4) The Amended Plan shall take effect August 18, 2016.

2. **SECURED CLAIMS**

(A).    Adequate Protection Payments: Debtor does not propose to make adequate protection payments to any Creditor.

(B).    Mortgages and Other Direct Payments by Debtor to Creditor(s): Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

(C). <u>Arrears</u>

| Name of Creditor | Description of Collateral | Pre-Petition Arrears to be Cured | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. | 843 Dekalb Dr. Yardley, PA 19067 | $43,178.66 | 0% | $43,178.66 |

(D).    <u>Secured Claims Paid According to Modified Terms:</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN. There is one (1) such claim. **Creditor:** Wells Fargo Financial National Bank. **Secured Amount**: $2,408.03. **Secured collateral**: Items purchased from Raymour & Flanigan Furniture. **Modified Principal Balance**: See Claim Number 4-2. **Other notes**: Creditor has agreed to waive the unsecured portion of its claim.

(E).    <u>Other Secured Claims</u>: There are no other secured claims.

(F).    <u>Surrender of Collateral:</u> Debtors are not surrendering any collateral.

(G).    <u>Lien Avoidance:</u> Debtors are not moving to avoid the liens of any Creditor.

3.    **PRIORITY CLAIMS**

(A).    Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| Internal Revenue Service | $10,481.72 |

(B).    Administrative Claims:

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney Fees. In addition to the retainer of $1,750.00 already paid by the Debtors, the amount of $1,750.00 in the plan.

**4. UNSECURED CLAIMS**

(A).    <u>Claims of Unsecured Nonpriority Creditors Specially Classified:</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.  There are no such claims under this Plan.

(B).    <u>Claims of General Unsecured Creditors:</u>  The debtor estimates that a total of $2,489.66 will be available for distribution to unsecured creditors. The debtor calculates that a minimum of $2,489.66 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $0 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

(C ).    <u>Funding:</u>  The Plan will be funded at 100%.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The following executory contracts and unexpired leases are assumed, with arrears to be cured under the Plan.

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-Petition Arrears | Total Payment |
|---|---|---|---|---|---|
| Verizon | Debtors' cell phones | $250.00 | | | |

**6. OTHER PLAN PROVISIONS**

**7. ORDER OF DISTRIBUTION**

Payments from the Plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

**8. REVESTING OF PROPERTY**

The property of the estate will vest in the debtor upon confirmation.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If Debtors are successful in obtaining a recovery in any personal injury or other litigation in which the Debtors are the plaintiff during the term of this Plan, any recovery in excess of applicable exemption will be paid to the trustee as a special plan payment, in addition to Debtors' regular plan payments, for the benefit of the unsecured creditors.

DATE: August 10, 2016

/s/ Isaac F. Slepner
ISAAC F. SLEPNER, ESQUIRE
*Attorney for Debtors*

HENRY W. KAUFMANN, JR.
*Debtor*

ROXANNE KAUFMANN
*Co-Debtor*