United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Henry W. Kaufmann, Jr.  
Roxanne Kaufmann  
    Debtors

Case No. 15-18013-elf  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 1     Date Rcvd: Jan 17, 2018  
                 Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2018.
db       +Henry W. Kaufmann, Jr.,   843 DeKalb Drive,   Yardley, PA 19067-4371

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                     TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2018                                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2018 at the address(es) listed below:
         ANDREW  SPIVACK    on behalf of Creditor    Wells Fargo Bank, NA paeb@fedphe.com
         ANDREW F GORNALL    on behalf of Creditor    Wilmington Savings Fund Society et al...
          agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com
         BRIAN CRAIG NICHOLAS    on behalf of Creditor    Wilmington Savings Fund Society et al...
          bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
         ISAAC F. SLEPNER    on behalf of Joint Debtor Roxanne  Kaufmann isaac@slepnerlaw.com
         ISAAC F. SLEPNER    on behalf of Debtor Henry W. Kaufmann, Jr. isaac@slepnerlaw.com
         JEROME B. BLANK    on behalf of Creditor    Wells Fargo Bank, NA paeb@fedphe.com
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Wilmington Savings Fund Society et al...
          bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com
         THOMAS I. PULEO    on behalf of Creditor    Wilmington Savings Fund Society et al...
          tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
          philaecf@gmail.com
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                          TOTAL: 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|    HENRY W. KAUFMANN | : | |
|    ROXANNE KAUFMANN, | : | |
|               Debtors | : | Bky. No. 15-18013  ELF |

# O R D E R

AND NOW, upon consideration of the Debtors' Motion to Approve Mortgage Loan Modification ("the Motion") between the Debtors and **Rushmore Loan Management Services** ("the Lender") (Doc. # 94), and after notice and hearing, and there being no objection thereto, it is hereby **ORDERED** and **DETERMINED** that:

1. The Motion is **GRANTED**.

2. The Debtors are **AUTHORIZED** to enter into the loan modification transaction as set forth in the Motion and consummation of the transaction **SHALL NOT CONSTITUTE** a violation of the automatic stay, 11 U.S.C. §362(a).

3. If the loan modification provides for reinstatement of the loan account and the elimination of the pre-petition arrears, **THE TRUSTEE SHALL MAKE NO FURTHER DISTRIBUTION TO THE LENDER** on account of the Lender's claim for pre-petition arrears under the confirmed chapter 13 plan.

4. In all other respects, the confirmed plan remains **IN FULL FORCE AND EFFECT** and **THE TRUSTEE MAY DISTRIBUTE THE PLAN PAYMENTS ON ACCOUNT OF THE OTHER ALLOWED CLAIMS** as provided in the plan.

**Date: January 17, 2018**

_____
ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE