Stip affects confirmed plan

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Roxanne Kaufmann<br>Henry W. Kaufmann, Jr.<br>              Debtors | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a<br>Christiana Trust, not individually but as trustee for<br>Pretium Mortgage Acquisition Trust<br>              Secured Creditor<br>vs. | NO. 15-18013 ELF |
| Roxanne Kaufmann<br>Henry W. Kaufmann, Jr.<br>              Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>              Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$9,006.26,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 1, 2019 to May 1, 2019 at $2,645.53/month |
| Suspense Balance: | $2,606.86 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$9,006.26** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$9,006.26.**

b). Secured Creditor shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$9,006.26** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Funds from the debtor in the amount of $2,650.00 received by Secured Creditor on May 22, 2019 shall be applied to the payment due June 1, 2019.

4. Beginning with the payment due July 1, 2019 and continuing thereafter, Debtor shall pay to Secured Creditor the present regular monthly mortgage payment of $2,645.53 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month.

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

6. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Secured Creditor immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Secured Creditor shall file a Certification of Default with the Court and the Court shall enter an order granting Secured Creditor relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 28, 2019                            By: /s/ Rebecca A. Solarz, Esquire
                                                  Rebecca A. Solarz, Esquire

Date: June 3, 2019                            Isaac F. Slepner, Esquire
                                              Isaac F. Slepner
                                              Attorney for Debtors

Date: 6/7/2019                                _____
                                              William C. Miller        NO OBJECTION
                                              Chapter 13 Trustee       *without prejudice to any
                                                                       trustee rights or remedies.

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank